**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190101-U

Order filed March 18, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0101 Circuit No. 08-CF-2446 |
| JESSE R. PEREZ, | ) ) ) | Honorable Carmen Julia Goodman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE LYTTON delivered the judgment of the court.
Justices Holdridge and Schmidt concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The circuit court properly denied defendant leave to file a successive postconviction petition.

¶ 2     Defendant, Jesse R. Perez, appeals from the Will County circuit court's denial of his motion for leave to file a successive postconviction petition. Defendant argues the court erroneously denied his motion because it established a colorable claim of actual innocence based on the results of DNA testing. We affirm.

¶ 3                          I. BACKGROUND

¶ 4          The State charged defendant by indictment with two counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2008)). Count I alleged that defendant inserted his penis into M.G.'s vagina. Count II alleged that defendant placed his mouth on M.G.'s vagina. The matter proceeded to a jury trial.

¶ 5          M.G. testified that she was six years old when defendant sexually assaulted her and nine years old at the time of trial. When the assault occurred, defendant was in a relationship with M.G.'s mother, Judith. Prior to the assault, defendant brought M.G. to his residence. There, defendant inserted his penis into M.G.'s vagina and moved it back and forth. Defendant also put his mouth on M.G.'s vagina. Afterward, defendant attempted to wash blood out of M.G.'s underwear with soap and water. Defendant then returned M.G. to her home.

¶ 6          Judith testified that after defendant left her residence, she collected M.G.'s dirty clothes from the bathroom. She saw blood on the underwear that M.G. had worn earlier that day.[1] Later that night, M.G. reported to Judith, that defendant had asked her to remove her clothes. Defendant then spit on M.G.'s vagina and she felt "something really hurting her." During the sexual assault examination the following day, Judith noticed blood on M.G.'s new underwear.[2]

¶ 7          Two days after the assault, a doctor conducted a physical examination of M.G. The doctor observed "a tear through the hymen that extended down into the lower part of [M.G.'s] genital area." He observed M.G.'s hymen to be swollen, red, and hemorrhagic.

---

[1]The sample taken from the underwear M.G. wore the day of the assault was later identified as Exhibit 1H1.
[2]The sample taken from the underwear M.G. wore after the assault was later identified as Exhibit 1G1.

¶ 8    A nurse conducted a sexual assault examination and collected the underwear that M.G. had worn on the day of the assault and the underwear M.G. had worn the day after the assault. A forensic biologist examined the two exhibits and determined that neither contained semen or saliva. The biologist did not conduct DNA testing on either exhibit.

¶ 9    The jury found defendant guilty of both counts of predatory criminal sexual assault of a child. The court sentenced defendant to terms of 49 years' and 38 years' imprisonment, to be served consecutively. On direct appeal, this court affirmed defendant's convictions and sentences. *People v. Perez*, 2014 IL App (3d) 120837-U, ¶ 43.

¶ 10    While defendant's direct appeal was pending, defendant filed a *pro se* motion for forensic testing pursuant to section 116-3 of the Code of Criminal Procedure of 1963 (725 ILCS 5/116-3 (West 2012)). Defendant requested forensic DNA testing of the two pairs of M.G.'s underwear. The circuit court granted the State's motion to dismiss. On July 21, 2016, this court reversed the circuit court's dismissal and remanded with directions for the circuit court to enter an order for forensic testing. *People v. Perez*, 2016 IL App (3d) 130784, ¶ 40.

¶ 11    On April 24, 2018, defendant filed a motion to compel the State to comply with the appellate court's mandate to conduct forensic testing. Defendant alleged that a February 28, 2017, DNA report was deficient in showing that the State had fully complied with the order. He noted that the DNA report did not include the sample's origin or whether the laboratory tested other evidence.

¶ 12    Defendant attached to his motion an Illinois State Police laboratory report dated February 28, 2017. The report indicated the laboratory compared defendant's DNA to the male DNA identified in Exhibit 1H1. Defendant's DNA matched six loci from the sample. The report further stated, "[defendant] cannot be excluded from having contributed to the male DNA profile

identified in Exhibit 1H1. Approximately 1 in 930 thousand White, 1 in 3.0 million Black or 1 in 4.2 million Southwest Hispanic unrelated individuals cannot be excluded as having contributed to this male DNA profile at the [six] loci" identified.

¶ 13　　　　The State filed a motion to dismiss defendant's motion to compel DNA testing. In the motion, the State referenced the December 15, 2016, laboratory report and indicated

> "[t]hat a human female DNA profile was identified in 1G1 which matched the DNA profile of the victim. A mixture of human DNA profiles was identified in Exhibit 1H1 that was interpreted as a mixture of two people. Assuming the mixture was a mixture of the victim and another individual, a male DNA profile was identified at seven loci. The profile was not suitable for entry into the Combined DNA Index System. The report concluded that upon submission of male standards, further analysis can be conducted to make comparisons to the minor DNA profile identified in 1H1."

The State did not file the referenced December 15, 2016, DNA report with its motion to dismiss. The State also referenced the February 28, 2017, report that "[d]efendant could not be excluded from having contributed to the male DNA profile identified in Exhibit 1H1."

¶ 14　　　　Before the court ruled on defendant's motion to compel, defendant filed a motion for leave to file a successive postconviction petition alleging his actual innocence. He argued that the February 28, 2017, DNA report showed his DNA only matched six loci of the total identified in Exhibit 1H1, and therefore he "was not a contributor of the DNA evidence that was discovered in 1H1."

¶ 15　　　　Defendant subsequently filed a motion for leave to file an amended successive postconviction petition. Defendant alleged new claims of prosecutorial misconduct, ineffective

4

assistance of trial counsel and appellate counsel, and sufficiency of the evidence in addition to his claim of actual innocence.

¶ 16    The circuit court granted the State's motion to dismiss the motion to compel and denied defendant's motion for leave to file a successive postconviction petition. Defendant appealed.

¶ 17                                   II. ANALYSIS

¶ 18    Defendant argues the circuit court erred by denying his motion for leave to file a successive postconviction petition, because his petition alleged a colorable claim of actual innocence. Specifically, the DNA report excludes defendant as a contributor and shows a third-party contributor to the sample collected from M.G.'s underwear. The State concedes that the DNA evidence is new and noncumulative. However, it disagrees with defendant's conclusion that the DNA report excludes defendant as a contributor. The State argues that the DNA evidence fails to raise a probability of changing the results on retrial. We agree.

¶ 19    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)) permits a criminal defendant to challenge the proceedings which resulted in his conviction by asserting that "there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." *Id.* § 122-1(a)(1). The Act contemplates the filing of a single postconviction petition. *People v. Robinson*, 2020 IL 123849, ¶ 42. A defendant must obtain leave of court to file a successive postconviction petition. *People v. Wrice*, 2012 IL 111860, ¶ 47; *Robinson*, 2020 IL 123849, ¶ 43; 725 ILCS 5/122-1(f) (West 2018). To obtain leave, the defendant must allege either (1) "cause and prejudice for the failure to assert a postconviction claim in an earlier proceeding" or (2) "a fundamental miscarriage of justice based on actual innocence." *Robinson*, 2020 IL 123849, ¶ 42 (citing *People v. Edwards*, 2012 IL 111711, ¶ 23). "A request to file a successive petition based on actual innocence is reviewed under a higher standard than that

5

applicable to the first stage for an initial petition, which only requires that the petition is not frivolous or patently without merit." *Id.* ¶ 43.

¶ 20     To succeed on a claim of actual innocence, the defendant must present "new, material, noncumulative" evidence that is so conclusive it would "probably change the result on retrial." *People v. Coleman*, 2013 IL 113307, ¶ 84 (quoting *People v. Silagy*, 116 Ill. 2d 357, 368 (1987), quoting *People v. Molstad*, 101 Ill. 2d 128, 134 (1984)). "Probability, rather than certainty, is the key in considering whether the fact finder would reach a different result after considering the prior evidence along with the new evidence." *Robinson*, 2020 IL 123849, ¶ 48. "A request for leave to file a successive petition should be denied only where it is clear from a review of the petition and supporting documentation that, as a matter of law, the petition cannot set forth a colorable claim of actual innocence." *Id.* ¶ 44. That is, a defendant is entitled to leave when the "documentation [supporting the petition] raises the probability that it is more likely than not that no reasonable juror would have convicted the petitioner in light of the new evidence." *Id.* We review *de novo* a circuit court's denial of a motion for leave to file a successive postconviction petition. *Id.* ¶¶ 39-40.

¶ 21     As the parties agree that the DNA evidence is new and noncumulative, we limit our review to whether this evidence is so conclusive that it would probably lead to a different result. The February 28, 2017, DNA report expressly stated that "[defendant] *cannot* be excluded from having contributed to the male DNA profile identified in Exhibit 1H1." (Emphasis added.) While defendant correctly notes that the report is based on only a partial DNA match, the comparison of defendant's DNA to the sample matched only six out of seven previously identified loci, the partial nature of the match does not conclusively exclude defendant as a contributor or affirmatively suggest a third-party contributor. We conclude that defendant's only supporting documentation

failed to set forth a colorable claim of actual innocence because it directly conflicted with his assertions. Therefore, this report is very unlikely to lead to a different result, and the court did not err in denying defendant leave to file a successive postconviction petition.

¶ 22                                    III. CONCLUSION

¶ 23        The judgment of the circuit court of Will County is affirmed.

¶ 24        Affirmed.